**MARK MIGDAL & HAYDEN**
PAUL A. LEVIN (CA State Bar No. 229077)
LAUREN M. GIBBS (CA State Bar No. 251569)
80 SW 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440
e-mail: paul@markmigdal.com
lauren@markmigdal.com

**MORTGAGE RECOVERY LAW GROUP, LLP**
Michael H. Delbick (CA State Bar No. 139200)
550 North Brand Boulevard, Suite 1100
Glendale, California 91203
Telephone: (818) 630-7900
e-mail: mdelbick@themrlg.com

**FEDERAL DEPOSIT INSURANCE CORPORATION**
Joshua H. Packman (to seek admission pro hac vice)
3501 Fairfax Avenue
Arlington, Virginia 22226
Telephone: (703) 474-1435
e-mail: jpackman@fdic.gov

Attorneys for Plaintiff Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR WASHINGTON MUTUAL BANK,<br><br>        Plaintiff,<br><br>    vs.<br><br>MORTGAGE MANAGEMENT CONSULTANTS, INC.,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR CONTRACTUAL INDEMNITY** |

COMPLAINT

## INTRODUCTION

1. Pursuant to a written agreement, defendant Mortgage Management Consultants, Inc. ("MMC" or "Defendant") brokered mortgage loans for Washington Mutual Bank and/or its subsidiaries, including Long Beach Mortgage Company (collectively, "WaMu"). As part of the agreement, MMC promised to indemnify WaMu for any losses arising either directly or indirectly, or in any way as a result of any inaccurate or incomplete application or other documentation for loans that MMC brokered.

2. After WaMu funded the loans from MMC, WaMu sold MMC-brokered loans into residential mortgage-backed securitized trusts ("RMBS Trusts") for which Deutsche Bank National Trust Company served as trustee ("Trustee"). The Trustee ultimately asserted claims that it suffered losses because of defective loans sold into the RMBS Trusts, including at least sixteen (16) mortgage loans brokered by MMC ("MMC Defective Loans").

3. Plaintiff Federal Deposit Insurance Corporation as Receiver for WaMu ("FDIC-R" or "Plaintiff") incurred losses settling the Trustee's claims. FDIC-R's losses arose out of and/or related to MMC's provision of inaccurate or incomplete loan applications or other documentation prepared by or at the direction of MMC including, *inter alia*, MMC's submission of loan applications and documentation that misrepresented such things as the borrowers' credit histories, employment status, income, or occupancy status.

4. FDIC-R demanded that MMC honor its written contractual indemnification obligation. Because MMC has not honored its obligations, FDIC-R brings this action as successor to WaMu's rights, titles, powers, and privileges.

## PARTIES, JURISDICTION, AND VENUE

5. The Federal Deposit Insurance Corporation is an instrumentality of the United States and is organized and exists under the laws of the United States. 12 U.S.C. §§ 1811, 1821(d). Pursuant to 12 U.S.C. § 1821(d)(2), FDIC-R succeeded to

1. all rights, titles, powers, and privileges of WaMu and of any stockholder, member, account holder, depositor, officer, or director of WaMu with respect to the bank and its assets. FDIC-R brings this action in its capacity as the duly appointed receiver of WaMu, which the Office of Thrift Supervision closed on September 25, 2008, appointing FDIC as Receiver for WaMu that same day.

6. MMC is a California corporation with its principal place of business in Palmdale, California. MMC is registered and licensed to do business in California and transacts business from its office in Palmdale, California.

7. This Court has subject-matter jurisdiction pursuant to 12 U.S.C. § 1819(b)(1) and (2) and 28 U.S.C. §§ 1331 and 1345.

8. MMC contractually agreed to venue in this district. *See* Long Beach Mortgage Broker Agreement (attached hereto as Exhibit 1), ¶ 21. Additionally, venue is proper in this district pursuant to 28 U.S.C § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district because, among other things, the contractual business relationship was entered into by WaMu in this district and the place of performance for all or some of the obligations sued upon was in this district.

## FACTUAL ALLEGATIONS

9. WaMu was a federal savings bank that, directly or through affiliates and/or subsidiaries, among other things, purchased, funded, and sold mortgage loans to investment trusts that packaged loans into securities for investors, which are generally known as residential mortgage-backed securities.

10. On information and belief, MMC engaged in the business of brokering, originating, processing, packaging, submitting for funding, selling and/or transferring loans secured by real property.

### A. MMC's Contractual Obligations

11. MMC and WaMu had a contractual business relationship, governed by mortgage broker agreements, including the Long Beach Mortgage Broker Agreement (the "Agreement") attached hereto as Exhibit 1.

12. MMC agreed that it would prepare, package, and submit loan applications on behalf of loan applicant borrowers seeking WaMu loans. MMC was responsible for, among other things, representing loan applicants in locating lenders; interacting directly with and interviewing the borrower, counseling and assisting the borrower in the financing process; choosing the loan product with the borrower; collecting relevant information and documentation in support of the loan application; preparing the loan application and submission package; and submitting the completed loan package to WaMu.

13. MMC was compensated for loans funded by WaMu, including the MMC Defective Loans.

14. Pursuant to the Agreement, MMC expressly agreed to indemnify WaMu as follows:

> [MMC] will indemnify, defend and hold [WaMu] … harmless from any and all costs, claims, charges, actions, causes of action, losses or liability arising either directly or indirectly, regardless of any indemnitee's negligence, by reason of [MMC]'s negligence, a breach of the terms or conditions of this Agreement, or in any way as a result of an inaccurate or incomplete application or other documentation prepared by or at the direction of [MMC]. Agreement ¶ 14.

### B. The MMC Defective Loans

15. Pursuant to the Agreement, MMC brokered the 16 MMC Defective Loans summarized on Exhibit 2, which is incorporated by reference and attached hereto.

16. As noted above and set forth in more detail below, the Trustee asserted claims against FDIC-R based on alleged breaches of WaMu's representations and

obligations concerning the quality and characteristics of the loans, the borrowers, and the collateral on certain loans sold into the RMBS Trusts, including the MMC Defective Loans.  Accordingly, FDIC-R incurred losses in connection with the MMC Defective Loans.

17. The MMC Defective Loans contained inaccurate and incomplete loan applications or other documentation because of misrepresentations in the application materials, including but not limited to misrepresentations relating to the quality and characteristics of the loans, the borrowers, and the collateral.  The MMC Defective Loans were the product of a scheme by which an MMC loan officer, an MMC loan processor who posed as a tax preparer, and a realtor conspired to provide false information in the applications and documentation submitted for these loans.

18. As an example, the loan application and documents for borrower MA contained numerous deficiencies, inaccuracies, and material misrepresentations. MMC prepared and submitted a loan application and documents for MA, but the borrower identity on the loan application was actually fictitious, and the social security number provided for MA in the loan application did not belong to an actual, legitimate borrower and had, in fact, been issued just prior to the subject loan.  In addition, the loan application and documents that MMC submitted further failed to disclose that MA had incurred an additional $900,000 in mortgage debt as a result of other "purchases" from the same seller.  Accordingly, the loan application misrepresented the MA's credit and capacity to repay the loan.

19. As another example, in support of the borrower's credit history, MMC prepared and submitted a loan application and documents for HP that included a false rent verification from a purported third-party owner of the borrower's prior rental residence.  In fact, the property that HP previously purported to rent was owned by HP's father, and the rent verification MMC prepared and submitted was therefore falsified.

5
COMPLAINT

20. Taken together, the 16 MMC Defective Loans include, *inter alia*, loans with undisclosed and/or misrepresented mortgage loan obligations, loans with false or misleading rental histories, loans with false employment histories, loans with false occupancy representations and certifications, and loans with misrepresented sales transactions.

**C. WaMu's Sale of the MMC Defective Loans to the RMBS Trusts**

21. After WaMu funded the MMC Defective Loans, WaMu sold each of them to the RMBS Trusts.

22. In connection with such sales, and in reliance on the materials, representations, obligations, and remedies MMC provided to WaMu, WaMu provided representations, obligations, and remedies to the RMBS Trusts regarding the quality and characteristics of the loans, the borrowers, and the collateral. With respect to defective loans, WaMu was liable to the RMBS Trusts, *inter alia*, where there was a material misrepresentation or omission in a loan application or other supporting documentation.

**D. The Trustee Action and FDIC-R's Settlement with Trustee**

23. After WaMu failed, on December 30, 2008, the Trustee filed a proof of claim with FDIC-R asserting that WaMu breached representations and warranties in connection with the loans sold to various RMBS Trusts. On August 26, 2009, Trustee filed a lawsuit in the District Court for the District of Columbia against FDIC-R for losses resulting from such loans that WaMu sold to the RMBS Trusts, including the MMC Defective Loans.

24. FDIC-R defended itself against the claims in the Trustee's lawsuit and eventually settled with the Trustee.

25. Pursuant to a settlement agreement with an effective date no earlier than September 5, 2017, FDIC-R and the Trustee settled claims against FDIC-R, including representation and warranty breach claims arising out of or relating to the MMC Defective Loans. On September 5, 2017, FDIC-R paid the $3,006,929,660

Receivership Certificate to the Trustee in settlement of Trustee's claims, including claims on the MMC Defective Loans.  Settlement of the Trustee's claims for that court approved amount was objectively reasonable.  FDIC-R's indemnification claims are timely because they are brought within six years of the date of accrual.  12 U.S.C. § 1821(d)(14).

26. FDIC-R was liable for the losses due to breaches of WaMu's representations and obligations concerning the quality and characteristics of the loans, the borrowers, and the collateral on certain loans sold into the RMBS Trusts, which loans included the MMC Defective Loans.  The Trustee asserted that FDIC-R was contractually responsible for breaches of representations and warranties including, *inter alia*:  misrepresentations, negligence, or fraud that occurred in the origination of the loan; misrepresentations of income; and loan-to-value ratios that exceeded 100 percent.  Given MMC's role and conduct in connection with the MMC Defective Loans, including MMC's relationship to the borrowers and its preparation, gathering, and submission of loan applications and documentation, FDIC-R's liability and loss to the Trustee arose out of or related to MMC's provision of inaccurate or incomplete loan applications and supporting documentation prepared by or at the direction of MMC, and mortgage loans that WaMu funded based on the applications submitted by MMC.

**E. MMC's Breach of the Indemnification Obligations**

27. On December 29, 2022, FDIC-R sent a demand letter to MMC seeking indemnification for its losses arising out of and/or related to MMC's submission of inaccurate or incomplete loan applications or other documentation in connection with the MMC Defective Loans.  MMC has not honored its obligation to indemnify under the Agreement.

28. The Agreement provides that the prevailing party in any action to enforce it may recover its reasonable attorneys' fees.  In order to enforce FDIC-R's rights under the Agreement, FDIC-R has retained outside counsel and agreed to pay

reasonable attorneys' fees.  In addition, FDIC-R has assigned in-house counsel to assist in actively preparing to bring this case to trial.

29. All conditions precedent to the relief sought in this action have been fulfilled.

## CLAIM FOR RELIEF
### (Contractual Indemnification)

30. Plaintiff FDIC-R incorporates by reference the allegations set forth above as though set forth fully herein.

31. The Agreement is a valid and enforceable contract.

32. Plaintiff substantially performed all its obligations under the Agreement.

33. FDIC-R is entitled to indemnification from MMC for losses and liabilities that FDIC-R suffered settling the Trustee's claims, arising out of the inaccurate or incomplete applications or other documentation prepared by or at the direction of MMC, in connection with the MMC Defective Loans.

34. MMC breached its obligations to indemnify FDIC-R, resulting in damage to FDIC-R in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FDIC-R respectfully requests that it be granted:

A. A judgment against MMC in an amount to be proven at trial for its breach of its indemnification obligations;

B. Pre-judgment interest under 12 U.S.C. § 1821(l) or applicable state law;

C. Reasonable attorneys' fees;

D. Costs and expenses; and

E. Any other relief as the Court deems just and proper.

| | |
|---|---|
| DATED: August 16, 2023 | MARK MIGDAL & HAYDEN |
| | By: /s/ Paul A. Levin |
| | Paul A. Levin |
| | |
| DATED: August 16, 2023 | MORTGAGE RECOVERY LAW GROUP, LLP |
| | By: /s/ Michael H. Delbick |
| | Michael H. Delbick |
| | |
| DATED: August 16, 2023 | FEDERAL DEPOSIT INSURANCE CORPORATION |
| | By: /s/ Joshua H. Packman |
| | Joshua H. Packman (to seek admission to pro hac vice) |
| | |
| | Attorneys for Plaintiff Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank |